# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Gustavo Zapata-Arana** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **2:11CR01512-001JB**<br>USM Number: **62537-051**<br>Defense Attorney: **Barbara Mandel, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 911 | False Claim to Citizenship | 06/01/2011 | |

The defendant is sentenced as provided in pages 2 through **4** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**August 18, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**September 9, 2011**
Date Signed

AO 245B (Rev. 12/10) Sheet 2 - Imprisonment                                                                                                                  Judgment - Page 2 of 4

Defendant: **Gustavo Zapata-Arana**
Case Number: **2:11CR01512-001JB**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **3 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

**Pursuant to Section 5D1.1(a), the Court will not impose a term of supervised release.**

**The Court has carefully considered Mr. Zapata-Arana`s case, and has considered the Guidelines, but in arriving at its sentence the Court has taken account not only of the Guidelines but other sentencing goals. Specifically, the Court has considered the Guidelines` sentencing range established for the applicable category of offense committed by the applicable category of defendant and the Court, after careful consideration, has determined that the punishment that is set forth in the Guidelines is not appropriate for this sort of offense. The Court has considered the kinds of sentences and ranges established by the Guidelines and the Court believes that a sentence of three months is adequate to reflect the seriousness of the offense. This is a matter that receives an enhancement and the Court does not want to undercut it entirely, thereby leaving the Defendant with the impression that it is acceptable to commit this sort of offense. But, the Defendant came into the United States and then started presenting the cards -- they were not used exactly at the border -- so it is very similar to a reentry offense. Therefore, the Court believes that some variance is appropriate -- but not one of time served -- as the Court believes that would undercut too much the Congressional intent or the sentencing Guidelines` enhancement applied in this matter. The Court believes three months is adequate to reflect the seriousness of the offense, promote respect for the law and provide just punishment. The Defendant does not have any criminal history and so the Court believe it provides adequate deterrence and it protects the public and otherwise fully and effectively reflects each of the fact to embodied in 18 U.S.C. Section 3553(a). And, while the Court`s task as a district judge is not come up with reasonable sentences, it is to come up with ones that reflect these factors, the Court believes 3 months is a more reasonable sentence than the prescribed Guideline sentence. The Court believes it is a reasonable sentence and reflects the factors in 18 U.S.C. Section 3553(a). The Court believes this sentence is sufficient without being greater than is necessary to comply with the purposes of punishment set forth in the in the Sentencing Reform Act.**

☐    The court makes the following recommendations to the Bureau of Prisons:


☒    The defendant is remanded to the custody of the United States Marshal.
☐    The defendant shall surrender to the United States Marshal for this district:
        ☐    at   on
        ☐    as notified by the United States Marshal.
☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        ☐    before 2 p.m. on
        ☐    as notified by the United States Marshal
        ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Gustavo Zapata-Arana**
Case Number: **2:11CR01512-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | **$waived** | **$0.00** | **$0.00** |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A ☐ In full immediately; or

B ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.